AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>the premises and devices located at<br>1945 N. Rock Rd., Apt 1605, Wichita, Kansas<br>as further described in Attachment A | )<br>)<br>)  Case No.   21-M-6181-01-KGG<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of ___Kansas___
*(identify the person or describe the property to be searched and give its location)*:

the premises and devices located at 1945 N. Rock Rd., Apt 1605, Wichita, Kansas as further described in Attachment A,

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   Nov. 18, 2021   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   the Honorable Kenneth G. Gale   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   Nov. 4, 2021 1600                              _____
                                                                                          *Judge's signature*

City and state:   Wichita, KS                                   The Honorable Kenneth G. Gale, US Magistrate Judge
                                                                                      *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: 21-M-6181-01-KGG | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                              _____
                                              *Executing officer's signature*

                                              _____
                                              *Printed name and title*

## ATTACHMENT A

### RESIDENCE to be Searched

This warrant authorizes the search of the premises and devices located at 1945 N. Rock Rd., Apt 1605, Wichita, Kansas. This RESIDENCE is white with green accents and trim, wood paneled residential apartment building structure, facing South with 1605 on the front door of the apartment and a 16 marked above the doors of the apartment building. Apartment 1605 is a second floor apartment accessible by a first floor entry door, identified in the below photograph as the second green door from the left.

Attached is a photo of the RESIDENCE and its geographical location:





## ATTACHMENT B
## ITEMS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. § § 2251 (Production of Child Pornography) and 2252A (Distribution/Receipt/Possession of Child Pornography):

1. Computers or storage media used as a means to commit the violations described above.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which are stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a) evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved user names and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b) evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c) evidence of the lack of such malicious software;

    d) evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the computer user;

   e) evidence indicating the computer user's knowledge and/or intent as it relates to the crime(s) under investigation;

   f) evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

   g) evidence of programs (and associated data) that are designed to eliminate data from the COMPUTER;

   h) evidence of the times the COMPUTER was used;

   i) passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

   j) documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

   k) records of or information about Internet Protocol addresses used by the COMPUTER;

   l) records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

   m) contextual information necessary to understand the evidence described in this attachment.

3. Routers, modems, and network equipment used to connect computers to the Internet.

4. Child pornography, as defined in 18 U.S.C. § 2256(8), and child erotica.

5. Records, information, and items relating to violations of the statutes described above including:

a. Records, information, and items relating to the occupancy or ownership of the RESIDENCE (described in Attachment A), including utility and telephone bills, mail envelopes, or addressed correspondence;

b. Records, information, and items relating to the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes;

c. Records and information relating to the identity or location of the persons suspected of violating the statutes described above;

d. Records and information relating to the sexual exploitation of children, including correspondence and communications with or about the minors discussed in the attached Affidavit of probable cause;

e. Records and information showing access to and/or use of cloud storage providers; and

f. Records and information relating or pertaining to the identity of the person or persons using or associated with the Twitter account "outdoor21man2," the phone number 530-592-8157, the email address bradleywiley1604@gmail.com.

6. During the execution of the search of the RESIDENCE described in Attachment A, law enforcement personnel are authorized to compel **Bradley WILEY** to (1) press or swipe the fingers (including thumbs) of **Bradley WILEY** to the fingerprint scanner of a device found at the RESIDENCE; and/or (2) hold a device found at the RESIDENCE in front of the face of **Bradley WILEY**, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant. [This warrant does **not** authorize law enforcement to compel any person(s) to state or otherwise provide the password for, or to identify which specific biometric

characteristics (including the unique finger(s) or other physical features) may be used to unlock or access, any device(s).]

7. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

8. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high-speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

9. The term "storage medium" includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD cards, macro SD cards, CD/DVDs, gaming systems, SIM cards, cellular phones capable of storage, memory cards, memory chips, and other magnetic or optical media.